Honorable David G. Estudillo

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WA**

| NATHEN BARTON, | Case No.: 3:23-cv-06071-DGE |
| --- | --- |
| Plaintiff | RESPONSE TO DEFENDANTS' MOTION TO DISMISS DKT 11 |
| v. | |
| Alleviate Tax LLC, and John Doe 1-10 | Noted for January 12, 2023 |
| Defendants. | |

Barton responds to Dkt. 11. Their motion on 64.1200(d)(4) should be denied because the bulk of authorities supports Barton's complaint. Their motion on RCW 80.36.400(2) should be denied because in this circuit WADAD and 227(b) artificial or prerecorded voice claims are considered together.  In the alternative Barton should be allowed to amend his complaint to address any deficiencies.

**47 C.F.R. § 64.1200(d)(4)**

If the Defendants were candid with this Court, they would have admitted that few courts now support their position of no private right of action for 47 CFR § 64.12000(d)(4).  While true that for a time some courts drew this conclusion, the vast majority of courts have now found that § 64.12000(d) was promulgated under TCPA 227(c) which provides for a private right of action.

1   This is why the Defendants generally cite older cases. Their *Worsham* citation is newer but the Defendants forgot to mention that subsequent to their cited cases, a Judge in that district reversed himself[1] and found there is a private right of action under § 64.12000(d)(4):

> "Worsham alleges an error of law, and his argument is supported by a recent opinion of the Court of Special Appeals of Maryland . . .
>
> This Court dismissed these counts by concluding that 47 C.F.R. § 64.1200(d)(4) does not provide a private right of action . . .
>
> Whether 47 C.F.R. § 64.1200(d)(4) includes a private right of action turns on whether the regulation was promulgated pursuant to § 227(c) or § 227(d) of the TCPA . . .
>
> These decisions are persuasive. Collectively, their review of the regulatory history of 47 C.F.R. § 64.1200(d) and its place in the statutory scheme suggests that the regulation at issue is best construed as a privacy protection that was originally promulgated pursuant to § 227(c) . . . this Court respectfully departs from its prior decision in *Travel Options* and adopts Chief Judge Fader's reasoning articulated in *Lifestation*."

*Travel Options* was one of the Defendants cited cases. Similarly, the Western District of Oklahoma reversed in 2023' *Braver v. Clear Sky Financial* and found a private right of action.

In concluding § 64.12000(d)(4) was promulgated under § 227(c), the *Clear Sky Financial* court cited recent decisions in *Bilek v. Nat'l Cong. of Emp'rs, Inc*.,[2] *Fischman v. MediaStratX, LLC*,[3] and *Callier v. Debt Mediators, LLC*[4] ("the Court agrees with the majority based on the text and intent of the statute and regulations. It finds that § 64.1200(d) was promulgated under § 227(c)"). See also *Barrett v. Vivint, Inc.*,[5] *Moore v. Pro Custom Solar LLC*,[6] *Sorsby v.*

---

[1] *Worsham v. Discount Power, Inc*, CIVIL ACTION RDB-20-0008, (D. Md. Dec. 1, 2021)

[2] *Bilek v. Nat'l Cong. of Emp'rs, Inc*., 470 F. Supp. 3d 857, 863 (N.D. Ill. 2020)

[3] *Fischman v. MediaStratX, LLC*, 2:20-CV-83-D, (E.D.N.C. Aug. 10, 2021)

[4] *Callier v. Debt Mediators, LLC*, No. EP-21-CV-278-DB, 4 (W.D. Tex. May. 5, 2022)

[5] *Barrett v. Vivint, Inc*., Case No. 2:19-cv-00568-DBB-CMR, 18 (D. Utah May. 20, 2020)

[6] *Moore v. Pro Custom Solar LLC*, 21 C 4395, 10 (N.D. Ill. Apr. 12, 2022)

*Truegreen Ltd.*,[7] Boardman v. Green Dot Corp.,[8] and *Robison v. 7PN, LLC*.[9]  See also *Powers v. One Techs.*[10]:

> "The Third, Sixth, and Eleventh Circuits have found that § 64.1200(d) was promulgated to protect privacy rights under 47 U.S.C. § 227(c) and thus that § 227(c)'s private right of action reaches violations of § 64.1200(d). The Fifth Circuit has not yet weighed in, but district courts within the Fifth Circuit have agreed that § 64.1200(d) was promulgated under § 227(c), and that there is a private right of action . . . This Court, in accord with others, finds that § 64.1200(d) was issued to further the privacy right in § 227(c). Thus, the private right of action contained in § 227(c) reaches violations of § 64.1200(d)."

*Powers* is a little dated.  District courts in the First,[11] Seventh[12] and Eighth[13] have got on board, and with the reversal in *Braver* so has the Tenth.

The overwhelming majority of courts to rule on the issue have now adopted Barton's position that it was promulgated under § 227(c) and has a private right of action.

### RCW 80.36.400

*Chesbro* dealt with artificial or prerecorded voice claims and that court held the text of the WADAD "is substantially similar to its federal counterpart [the TCPA], as its purpose" and so the § 227(b) and WADAD claims should be considered together.[14]  The underlying complaint in Chesbro (Exhibit 1) makes the sole allegation "The calls consisted of a pre-recorded message

---

[7] *Sorsby v. Truegreen Ltd.*, Case No. 20-cv-2601, 10 (N.D. Ill. Dec. 23, 2020)

[8] *Boardman v. Green Dot Corp.*, 3:21-CV-00174-FDW-DSC, (W.D.N.C. Aug. 19, 2021)

[9] *Robison v. 7PN, LLC*, 569 F. Supp. 3d 1175, 1178 (D. Utah 2021)

[10] *Powers v. One Techs.*, Civil Action 3:21-CV-2091, 4 (N.D. Tex. Jul. 28, 2022)

[11] *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 324 (D. Mass. 2020)

[12] See *Bilek* supra

[13] *Hand v. Beach Entm't KC, LLC*, 456 F. Supp. 3d 1099, (W.D. Mo. 2020)

[14] *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 919 (9th Cir. 2012).

delivered by an automatic dialing and announcing device".  Barton has a similar allegation in ¶413 of Dkt. 5:

> "Defendants violated Washington State RCW 80.36.400(2) many times by calling Plaintiff's cellular telephone number without consent, while using an automatic dialing and announcing device for commercial solicitation."

The Defendants claim that

> 'The Ninth Circuit ruling in *Williams* makes it clear that a plaintiff must allege that a defendant uses a device that "automatically announces" *and* "automatically dials."'

Notwithstanding that Barton did allege that, that case is easily distinguishable "Williams proceeded on the legal theory that a device need not play a recorded message to qualify as an automatic dialing and announcing device".

Barton made the same allegations with the same level of specificity about the same alleged violations as *Chesbro* and that was sufficient to earn a reversal of dismissal from the Ninth Circuit.  It should be sufficient here.

If the Court finds otherwise, it should grant Barton the opportunity to amend his complaint to add further allegations that the Defendants automatically dialed Barton's phone numbers with an annoucment.

## Conclusion

- The Defendants § 64.12000(d)(4) arguments have fallen on deaf ears in the First, Third, Fifth, Sixth, Seventh, Eighth, and Tenth Circuit district courts.  Several appellant courts have now rejected these arguments. Likewise, they should fail here too.

- The Defendants claimed that "Plaintiff's FAC lacks any allegations that Alleviate's system automatically dials any telephone numbers" while overlooking Barton's ¶413 in Dkt. 5.

        /s/ Nathen Barton
          (Nathen Barton)

Nathen Barton
BlueWind33@Protonmail.com
(469) 347-2139
4618 NW 11th Cir
Camas WA 98607

## CERTIFICATE OF SERVICE

I hereby certify that I caused the foregoing document to be electronically filed with the Clerk of the Court using the Electronic Filing (CM/ECF) system, which will send notification of such filing to all counsel of record and all pro se parties registered to use the CM/ECF system.

    s/ Nathen Barton                             12/21/2023
      Nathen Barton                                 (Dated)

RESPONSE TO MTD                    - 5 / 5                NATHEN BARTON
BARTON V ALLEVIATE TAX ET AL                       4618 NW 11TH CIR
CASE 3:23-CV-06071                                 CAMAS WA 98607