The Honorable David G. Estudillo

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NATHEN BARTON,<br><br>    Plaintiff,<br><br>  v.<br><br>ALLEVIATE TAX LLC, and JOHN DOE 1-10,<br><br>    Defendants. | Case No. 3:23-cv-06071-DGE<br><br>**DEFENDANT ALLEVIATE TAX LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER FEDERAL RULE 12(B)(6)**<br><br>Noted: January 12, 2024 |

Defendant Alleviate Tax LLC ("Alleviate") hereby respectfully submits this reply in support of its Motion to Dismiss [Dkt. No. 11].

## I.   INTRODUCTION

Plaintiff wrongly asserts that a private right of actions exists to enforce his claim under 47 C.F.R. § 64.1200(d)(4) and that his allegations are sufficient to support a claim under RCW 80.36.400(2). Because Plaintiff's arguments do not correct the insufficiencies in his Complaint, Counts 6 and 11 should be dismissed.

First, Plaintiff argues that a private right of action exists to enforce his 47 C.F.R. § 64.1200(d)(4) claim (Count 6). Plaintiff is wrong. Section 64.1200(d)(4) deals with the content of messages – specifically, identification requirements within those messages. Such provision was promulgated pursuant to 47 U.S.C. § 227(d), not § 227(c).

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550 Irvine, CA 92618
troutman@troutmanamin.com

Second, Plaintiff argues that his allegations are sufficient to support a claim under RCW 80.36.400(2)(Count 11). Plaintiff is wrong again. Plaintiff fails to plausibly allege that Alleviate uses a device that "automatically dials telephone numbers" which is required under binding Ninth Circuit authority in *Williams v. MCIMetro Access Transmission Servs. Inc.*, 363 F. App'x 518, 519 (9th Cir. 2010). The case upon which Plaintiff solely relies, *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 919 (9th Cir. 2012), is not on point and does not abridge the holding and applicability of *Williams*.

As such, Alleviate's motion should be granted.

## II.   ARGUMENT

### A.   Plaintiff Fails to Demonstrate That There is a Private Right of Action to Enforce Count 6.

Plaintiff argues for a private right of action for Section 64.1200(d)(4) because it was promulgated under Section 227(c), and not Section 227(d). *See* Opp. at 2-3. While the FCC has not yet resolved this question, the language of the statute more closely aligns with a reading that the rule was passed under 47 U.S.C. 227(d).

47 U.S.C. § 227(d) does not create a private right of action for violations of implementing regulations. It does, however, authorize the FCC to prescribe "technical and procedural standards" relating to certain calls and messages. *See* 47 U.S.C. § 227(d)(1)(A) and (d)(3). Section 64.1200(d)(4) deals with identification requirements, which more closely tracks with the "technical and procedural standards" that Congress charged the FCC with creating under § 227(d) than for § 227(c).

Section 64.1200(d)(4) proscribes content and procedural requirements tracking the authority granted to the FCC under 227(d), which requires "[a] person or entity making an artificial or prerecorded-voice telephone call pursuant to an exemption under paragraphs (a)(3)(ii) through (v) of this section or any call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted." This regulation parallels the statutory language in Section 227(d)

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550 Irvine, CA 92618
troutman@troutmanamin.com

requiring the FCC to create standards requiring callers to "state clearly the identity of the business, individual, or other entity initiating the call" and provide that entity's phone number. Compare 47 C.F.R. § 64.1200(d)(4) with 47 U.S.C. § 227(d)(3)(A).

Unlike Section 64.1200(d)(4) – the basis for Plaintiff's Count 6 – Sections 64.1200(d)(1)-(3), (5) and (6) deal specifically with do-not-call lists. These provisions are tied to Section 227(c)'s restrictions on calls to individuals registered on the National Do-Not-Call Registry or failure to maintain internal do-not-call policies. Section 227(c) relates to claims made by an individual regarding the National Do-Not-Call Registry or violations of internal Do-Not-Call requirements and authorizes the FCC to create exemptions from that requirement. *See* 47 U.S.C. § 227(c). The requirements in Section 64.1200(d)(4) do not fall within the provisions of 227(c), and thus, Section 64.1200(d)(4) could not have been promulgated under it.

Plaintiff relies on cases that do not specifically address the regulation at issue. *See* Opp. at 2-3 relying on *Jonathan Fischman v. MediaStratx, LLC*, No. 2:20-CV-83-D, 2021 WL 3559639, at *5 (E.D.N.C. Aug. 10, 2021) (discussing section 64.1200(d) more broadly); *Barrett v. Vivint, Inc.*, No. 219CV00568DBBCMR, 2020 WL 2558231, at *7 (D. Utah May 20, 2020) (same); *Moore v. Pro Custom Solar LLC*, No. 21 C 4395, 2022 WL 1092186, at *5 (N.D. Ill. Apr. 12, 2022) (same); *Boardman v. Green Dot Corp.,* No. 321CV00174FDWDSC, 2021 WL 3699856, at *3 (W.D.N.C. Aug. 19, 2021) (same); *Powers v. One Techs., LLC,* No. 3:21-CV-2091, 2022 WL 2992881, at *3 (N.D. Tex. July 28, 2022) (discussing different section of 47 C.F.R. § 64.1200(d) regarding not having or maintaining a procedure for maintaining a do-not-call list). Because these cases do not identify the specific regulation, they should not be considered.

Alleviate recognizes that Plaintiff cited to numerous other out-of-circuit decisions[1] in support of its argument that section 64.1200(d)(4) should be promulgated under section

---

[1] *See Worsham v. Disc. Power, Inc.*, No. CV RDB-20-0008, 2021 WL 5742382, at *4 (D. Md. Dec. 1, 2021), aff'd, No. 22-1942, 2023 WL 2570961 (4th Cir. Mar. 20, 2023); *Bilek v. Nat'l Cong. of Emps., Inc.*, 470 F. Supp. 3d 857, 862 (N.D. Ill. 2020); *Callier v. Debt Mediators, LLC*, No. EP-21-CV-278-DB, 2022 WL

REPLY IN SUPPORT OF MOTION TO DISMISS - 3
Case No. 3:23-cv-06071-DGE

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550 Irvine, CA 92618
troutman@troutmanamin.com

227(c). However, those cases are not binding on this Court and should not be followed because the rationale is not supported by the language of the regulation.

For example, in *Worsham v. Discount Power, Inc.*, the court ruled that 47 C.F.R. § 64.1200(d)(4) was promulgated under § 227(c) because it was perceived as a rule designed to protect consumer privacy. *Worsham,* 2021 WL 5742382 at *4. This interpretation is mistaken because it overlooks the specific nature of the regulation as aligning more closely with the technical and procedural standards outlined in § 227(d). The regulation's requirements for telemarketers to provide identification information such as the caller's name and contact information are in line with procedural standards for telecommunication practices—which is the domain of § 227(d). Therefore, the argument in *Worsham* does not adequately consider the technical and operational focus of § 64.1200(d)(4), leading to an incorrect categorization under § 227(c).

As the language of 47 C.F.R. § 64.1200(d)(4) aligns most closely with 47 § U.S.C. 227(d)—a provision that does not afford a private right of action—Count 6 should be dismissed.

### B. Plaintiff Fails to Demonstrate that His Allegations Are Sufficient to State A Claim Under RCW 80.36.400(2).

Binding Ninth Circuit authority in *Williams* provides that, "the use of a device that merely automatically dials telephone numbers—but does not play a recorded message once a connection is made—does not violate RCW 80.36.400. *Williams*, 363 F. App'x at 519.

Plaintiff heavily relies on *Chesbro* to support his position. Opp. at 4-5. *Chesbro*, however, is inapposite, and misunderstands Alleviate's argument. Alleviate's position is that Plaintiff's allegations are insufficient to state claim under RCW 80.36.400(2), and makes no argument about whether the calls constitute commercial solicitations under the statute. *See* Alleviate's Motion to Dismiss [Dkt. No. 11] at 4-5. Because Plaintiff fails to

---

1423622, at *4 (W.D. Tex. May 5, 2022); *Sorsby v. TruGreen Ltd. P'ship*, No. 20-CV-2601, 2020 WL 7641288, at *6 (N.D. Ill. Dec. 23, 2020); *Robison v. 7PN, LLC*, 569 F. Supp. 3d 1175, 1184 (D. Utah 2021).

REPLY IN SUPPORT OF MOTION TO DISMISS - 4
Case No. 3:23-cv-06071-DGE

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550 Irvine, CA 92618
troutman@troutmanamin.com

plausibly allege that Alleviate utilized an automatic dialing and announcing device, Count 11 must be dismissed.

In *Chesbro,* the defendant filed a motion for summary judgment arguing that the calls did not constitute commercial solicitations under the Telephone Consumer Protection Act ("TCPA") or Washington Automatic Dialing and Answering Devices Act ("WADA"). Ultimately, the district court granted summary judgment in favor of the defendant, reasoning that the calls merely transmitted information without encouraging the recipient to purchase (or donate) property, goods, or services. *Chesbro v. Best Buy Stores, L.P.,* No. C10-774RAJ, 2011 WL 13101276, at *3 (W.D. Wash. Sept. 16, 2011), rev'd and remanded, 705 F.3d 913 (9th Cir. 2012). The plaintiff appealed and the Ninth Circuit Court of Appeals reversed the lower court's decision. *Chesbro*, 705 F.3d at 919. The basis for this ruling, however, was that the calls constituted commercial solicitations. *Id.* The analysis did not address whether the allegations were sufficient to even make a claim. *Id.;* s*ee Rawson v. Recovery Innovations, Inc.,* No. C17-5342 BHS, 2022 WL 4355839, at *5 (W.D. Wash. Sept. 20, 2022) ("the standard on a motion to dismiss is different than the standard on a motion for summary judgment.").

Because Plaintiff fails to plausibly allege that Alleviate utilized an automatic dialing and announcing device, Count 11 must be dismissed.

### III.  CONCLUSION

Based on the forgoing, Alleviate respectfully requests the Court grant its motion to dismiss Counts 6 and 11 of Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6).

DATED this 12th day of January, 2024

By */s/ Kristin Nealey Meier*
Kristin Nealey Meier, WSBA #33562
RYAN, SWANSON & CLEVELAND, PLLC
1201 Third Avenue, Suite 3400
Seattle, Washington  98101-3034
Telephone: (206) 464-4224
kmeier@ryanlaw.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*/s/ Tori L. Guidry*
Tori L. Guidry, CA Bar #37704 (Admitted *pro hac vice*)
Troutman Firm
530 Technology Drive, Ste 200
Irvine, CA 92618
P: (985) 688-3307
tori@troutmanfirm.com

*Attorneys for Defendant Alleviate Tax LLC*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on this 12th day of January, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Nathen Barton
4618 NW 11th Cir.
Camas, WA 98607
BlueWind33@protonmail.com
T: 469-347-2139
*Pro Se Plaintiff*

_____
Angie Henderson, Legal Assistant
henderson@ryanlaw.com

REPLY IN SUPPORT OF MOTION TO DISMISS - 7
Case No. 3:23-cv-06071-DGE

TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Ste 1550 Irvine, CA 92618
troutman@troutmanamin.com